OPINION
{¶ 1} Michael A. Siford, Jr. ("appellant") appeals the Geauga County Common Pleas Court's determination that appellant is a sexual predator pursuant to R.C. 2950.01(E). For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} On January 2, 2002, appellant, a nineteen year-old male, was charged with, and pleaded guilty to, one count of unlawful sexual conduct with a minor, a felony of the fourth degree, in violation of R.C.2907.04(A). Appellant also pleaded guilty to one count of corrupting another with drugs, also a felony of the fourth degree, in violation of R.C. 2925.02(A)(4)(a). The victim of the unlawful sexual conduct was fourteen years old at the time of the original incident. Upon accepting appellant's guilty pleas, the trial court ordered a pre-sentence investigation and released appellant on a personal recognizance bond pending a sentencing and sexual classification hearing. As a condition of his release, the trial court ordered appellant to cease contact with the victims involved in both charges.
 {¶ 3} The record indicates that eight days after the "no-contact" order was issued, appellant again engaged in unlawful sexual intercourse, once on January 10, 2002, and again on January 11, 2002, with the same victim involved in the January 2, 2002 sexual conduct charge. On January 22, 2002, appellee filed a motion to revoke appellant's bond, alleging that appellant had violated the trial court's no-contact order. More specifically, appellee alleged that appellant engaged in two additional instances of sexual intercourse with the original victim. As a result, appellant was charged with two additional counts of unlawful sexual conduct with a minor on January 30, 2002. Appellant also pleaded guilty to these additional charges on January 30, 2002.
 {¶ 4} On February 28, 2002, the trial court held a sexual predator hearing and found appellant to be a sexual predator pursuant to R.C.2950.09(B). This timely appeal followed. Appellant asserts the following assignment of error for our review:
 {¶ 5} "[1.] The trial court's determination that Defendant is a sexual predator is against the manifest weight of the evidence."
 {¶ 6} A trial court's sexual predator determination will not be reversed by an appellate court unless the manifest weight of the evidence fails to support the trial court's decision. State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291. An appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the determination must be reversed and a new trial ordered. State v. Swank, 11th Dist. No. 98-L-049, 2001-Ohio-8833, 2001 Ohio App. LEXIS 5846.
 {¶ 7} R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine, by clear and convincing evidence, that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b). Clear and convincing evidence is that proof, which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 8} In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following: (a) the offender's age; (b) prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the offense, displayed cruelty or threatened cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
 {¶ 9} In relation to the above-mentioned factors, appellant argues that the trial court failed to properly consider appellant was involved in a nine month "relationship" with the victim, had no prior criminal record, and made no threats of cruelty towards the victim. We disagree with appellant.
 {¶ 10} A trial court is not required to find that a majority of the factors set forth in R.C. 2950.09(B)(2) apply to an offender before it can determine that he is a sexual predator. A trial court may rely on one factor more than others in determining if an offender qualifies as a sexual predator. State v. King (Dec. 29, 2000), 11th Dist. No. 99-G-2237, 2000 Ohio App. LEXIS 6191. Even if only one or two statutory factors are present, the trial court may find the offender to be a sexual predator, if the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a sexually oriented offense in the future. The trial court must reference the relevant factors in the judgment entry or on the record, but need not delineate the underlying reasons why it found certain factors applicable. Swank, supra. The record should include the particular evidence relied upon by the trial court in deciding an offender is a sexual predator. State v. Eppinger (2001), 91 Ohio St.3d 158, 166.
 {¶ 11} In its judgment entry, the trial court addressed each and every one of the factors listed in R.C. 2950.09(B)(2)(a-j). In doing so, the trial court added: "The defendant is intellectually dysfunctional to the point that the truth is more a convenience than a necessity. He has personality flaws which attract him to younger people and a proven impulsiveness which overrides both common sense and his ability to refrain from sexual misconduct with minors." The trial court also added: "It is the present risk which this court must evaluate. *** because the defendant has repeatedly engaged in unlawful sexual conduct with a minor despite a specific no-contact order from the court, the defendant is an individual who has been convicted of three sexually oriented offenses and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 12} Appellant was also evaluated by Dr. John Fabian, a clinical psychologist, who stated: "The defendant has shown that he is at risk to commit future inappropriate sexual offending behaviors with this victim giving [sic] a lack of supervision within his mother's home while on bond. *** there was some indication that there was another possible victim in the past and [appellant] is at risk to commit future inappropriate acts with youth younger than him."
 {¶ 13} The record indicates that after appellant pled guilty to the first unlawful sexual conduct charge, a no-contact order was issued. The record also indicates that only eight days after the no-contact order was issued, appellant violated the order twice. The evidence presented at trial reveals appellant lied several times during the presentation of his testimony, only to subsequently admit to having had unlawful sexual intercourse with the victim on at least three occasions.
 {¶ 14} This court has thoroughly reviewed the record before us. The trial court found that appellant was prone to deceit, had pleaded guilty to three prior sexually oriented offenses, and was likely to engage in future acts of sexual misconduct with minors. The trial court also found that appellant possessed a fundamental lack of respect for the law in the fact that he directly violated a no-contact order days after it was issued. Additionally, the pre-sentence investigation report indicates that appellant is at risk to commit future unlawful sexual acts with minors. Based on the record before us, we hold that the trial court's sexual predator determination was not against the manifest weight of the evidence. Appellant's sole assignment of error is without merit.
 {¶ 15} For the foregoing reasons, the decision of the Geauga County Court of Common Pleas is hereby affirmed.
JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.